FILED

FEB **1 0** 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL S. GORBEY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. **09 0262** |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants. | : |

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed.

Plaintiff alleges that federal prosecutors knowingly brought frivolous charges against him in the Superior Court of the District of Columbia in violation of rights protected under the United States Constitution. He demands damages totalling $22 billion.

United States Attorneys are federal prosecutors and as such enjoy absolute immunity from a damages lawsuit predicated on their "initiating a prosecution and [] presenting the [government's] case." *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976); *see Moore v. Valder*, 65 F.3d 189, 193-94 (D.C. Cir. 1995) ("Advocatory conduct protected by absolute immunity 'include[s] the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.'") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)), *cert. denied*, 519 U.S. 820 (1996). The Court therefore concludes that these defendants are protected by absolute prosecutorial immunity.

Insofar as plaintiff demands damages from the United States, he cannot prevail. "It is axiomatic that the United States may not be sued without its consent and that the existence of

consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). The United States has not waived its sovereign immunity for constitutional tort claims. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (holding that sovereign immunity precludes damage claims against the United States government for constitutional violations). In addition, sovereign immunity extends to governmental agencies such as the United States Department of Justice and to their employees where such employees are sued in their official capacities. *See id.* at 483-86. Absent a waiver of sovereign immunity, then, plaintiff cannot prevail in his claims for damages against the Justice Department or against any federal government official sued in his official capacity. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. at 475; *Clark v. Library of Congress*, 750 F.2d 89, 101-02 (D.C. Cir. 1984); *Meyer v. Reno*, 911 F. Supp. 11, 18 (D.D.C. 1996).

To the extent that plaintiff's claim goes to the fact of his confinement, he cannot recover damages in this civil rights action under 42 U.S.C. § 1983 without showing that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff has not satisfied this prerequisite and therefore fails to state a claim under Section 1983. An Order consistent with this Memorandum Opinion will be issued separately on this date.

*Colleen Kollar-Kotelly*
United States District Judge

DATE: Jan. 27, 2009