UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 1 0 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Michael S. Gorbey, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 09-262 (UNA) |
| United States Dep't of Justice *et al.*, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a federal prisoner incarcerated at the United States Penitentiary in Terre Haute, Indiana, filed a *pro se* complaint that was dismissed by order entered February 10, 2009, pursuant to 28 U.S.C. § 1915A(b). In a submission received by the clerk on March 19, 2009, the plaintiff has moved for reconsideration of this court's dismissal and for an extension of time to notice an appeal if reconsideration is denied. For the reasons stated, the motion for reconsideration will be denied, the motion for an extension of time to appeal will be denied as moot, and the Clerk will be directed to notice the plaintiff's timely appeal.

A motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure must be filed within 10 days of entry of judgment. "Rule 59(e) motions are expressly limited to the 10-day period following entry of judgment, and the District Court simply has no power to extend that time limitation." *Center for Nuclear Responsibility, Inc. V. U.S. Nuclear Regulatory Comm'n*, 781 F.2d 935, 941 (D.C. Cir. 1986). Accordingly, the plaintiff's motion must be denied as untimely to the extent that it was intended as a Rule 59(e) motion.

A motion for relief from judgment under Rule 60(b) need not be filed within 10 days of the entry of judgment, and plaintiff's motion for reconsideration will be construed as one filed under Rule 60(b)(6), which allows a court to alter or provide relief from a final order "upon such

terms as are just," for any "reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under Rule 60(b)(6), however, should only be used in "extraordinary circumstances." *Pioneer Investment Serv. Co. v. Brunswick Assoc. Limited Partnership*, 507 U.S. 380, 393 (1993); *see also, Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (stating that the remedy should be "sparingly used"). The gist of plaintiff's motion is that the court was wrong on the law and should not have dismissed his complaint. Plaintiff's motion, however, offers no argument that is availing, and provides no basis for providing relief from the judgment. Accordingly, plaintiff's motion, considered as one under Rule 60(b)(6), will be denied.

Plaintiff has also moved for an extension of time to notice an appeal in the event that his motion for reconsideration is denied. Because the United States is a party to this case, the plaintiff has 60 days from the entry of judgment, on February 10, 2009, to notice an appeal. *See* Fed. R. App. P. 4(a)(1)(B). Plaintiff's motion for an extension of time was received by the Clerk's office on March 19, 2009, well within the 60 days allowed for noticing an appeal. Because an extension of time is unnecessary, the motion will be denied as moot and the Clerk will be directed to notice plaintiff's appeal.

Accordingly, it is hereby

ORDERED that the plaintiff's motion under Rule 59(e) or Rule 60(b)(6) is DENIED. It is further

ORDERED that the plaintiff's motion to extend the period to notice an appeal is DENIED as moot. It is further

ORDERED that the Clerk is DIRECTED to notice plaintiff's appeal.

Date: April 8, 2009

United States District Judge